UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CREATION SUPPLY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 12 C 5456 |
| v. ) | |
| ) | Judge George M. Marovich |
| ) | |
| ALPHA ART MATERIALS CO., LTD., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Creation Supply, Inc. ("Creation Supply") filed suit against Alpha Art Materials Co., Ltd. ("Alpha Art").[1] Alpha Art would prefer that this Court not hear the suit. Alpha Art has filed a motion to transfer, in which motion Alpha Art argues that the Court should dismiss (rather than transfer) this case. For the reasons set forth below, the Court denies the motion.

**I.    Background**

According to the allegations in plaintiff's complaint, Alpha Art manufactures a line of magic markers called Mepxy markers. Alpha Art and Creation Supply entered an agreement under which Creation Supply was given the exclusive right to sell, market and distribute Mepxy markers in certain territories within the United States. Creation Supply has, for example, placed Mepxy markers for sale in Illinois with such retailers as *Dick Blick Art Materials* and *Memories and Beyond*.

---

[1] The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(2), because: (a) the amount in controversy is greater than $75,000.00; (b) the plaintiff is a citizen of Illinois; and (c) the defendant is a citizen of South Korea.

Not everyone was pleased with Creation Supply's decision to sell, distribute and market Mexby markers in the United States. On April 25, 2012, two companies, Too Marker Products, Inc. ("Too Markers") and Imagination International, Inc. ("Imagination"), filed in the United States District Court for the District of Oregon a suit against Creation Supply for trademark infringement. According to the allegations in that lawsuit, Too Markers manufactures a line of markers "having distinctive squarish bodies and distinctive squarish cap-ends" called COPIC markers, and Imagination imports and sells those markers. In the Oregon suit, Too Markers and Imagination allege that Mexpy markers are confusingly similar to COPIC markers and that Creation Supply infringed on their trademarks, among other things.

On July 11, 2012, Creation Supply filed this suit against Alpha Art. Creation Supply seeks relief under Illinois's version of section 312 of article 2 of the Uniform Commercial Code, 810 ILCS 5/2-312. That section provides, among other things:

> Unless otherwise agreed a seller who is a merchant regularly dealing goods of the kind warrants that the goods shall be delivered free of the rightful claim of any third person by way of infringement or the like but a buyer who furnishes specifications to the seller must hold the seller harmless against any such claim which arises out of compliance with the specifications.

810 ILCS 5/2-312(3).

About two months after Creation Supply filed its suit here, Creation Supply filed in the Oregon case a third-party complaint against Alpha Art. The claims Creation Supply filed against Alpha Art in the District of Oregon are nearly identical to the claims Creation Supply filed here.

Alpha Art does not wish to be sued in two separate courts by the same plaintiff and has filed a motion in which it argues that the case should be dismissed.

**II.     Discussion**

Alpha Art does not argue that Creation Supply's complaint fails to state a claim upon which relief can be granted. Instead, Alpha Art makes two very brief arguments that Creation Supply's complaint should be dismissed under 28 U.S.C. § 1407 or, alternatively, that the Court should abstain from hearing this case.

**A.     Section 1407**

First, Alpha Art devotes fourteen sentences to its argument that this case should be dismissed pursuant to 28 U.S.C. § 1407. It will take the Court even fewer sentences to reject the argument. Section 1407 provides for the transfer and coordination of civil actions pending in different federal districts when the actions involve "one or more common questions of fact." 28 U.S.C. § 1407. This Court, however, cannot transfer a case under § 1407. Only the judicial panel on multidistrict litigation can make such a transfer. 28 U.S.C. § 1407(a) ("Such transfers shall be made by the judicial panel on multidistrict litigation . . . upon its determination that transfer for such proceedings will be for the convenience of the parties and witnesses and will promote the just and efficient conduct of such actions."). This Court lacks the authority to dismiss or transfer this case pursuant to 28 U.S.C. § 1407.

**B.     *Colorado River* abstention**

Alpha Art next devotes four sentences to its argument that the Court should abstain from hearing this case pursuant to the *Colorado River* abstention doctrine. The Court may, under certain circumstances, abstain from hearing a case over which it has jurisdiction. In *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), the Supreme Court explained that:

> there are principles unrelated to considerations of proper constitutional adjudication and regard for federal-state relations which govern in situations involving the contemporaneous exercise of concurrent jurisdictions, either by federal courts or by state and federal courts. These principles rest on considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.' Generally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.

*Colorado River*, 424 U.S. at 817 (internal citations omitted). The reason a state suit is no bar to the federal suit is "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." The Supreme Court noted that it would be appropriate for the federal court to abstain if the state suit involved property. It also explained that "a federal court may also consider such factors as the inconvenience of the federal forum; the desirability of avoiding piecemeal litigation; and the order in which jurisdiction was obtained by the concurrent forums." *Colorado River*, 424 U.S. at 818. "Only the clearest of justifications will warrant dismissal." *Id.* at 819.

Although the two cases at issue in this case are related (in fact, they are nearly identical), the Court will not abstain from hearing this case. The first reason the Court will not abstain from hearing this case is that the other case is not a state-court case; it is another federal case. Even if the other case were in state court, this Court would still not abstain, because the other suit does not involve property and was not filed first. This Court has a "virtually unflagging obligation" to exercise its jurisdiction, and it will do so.

Accordingly, the Court denies Alpha Art's motion.

### C.    Section 1404(a)

Just because the Court believes it must exercise its jurisdiction in this case does not mean the Court would recommend litigating two sets of nearly-identical claims in two forums. Federal court is an expensive place to litigate, and the loser is subjecting itself to the winning party's costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure.

Federal courts provide means of dealing with duplicative litigation, but the means do not include *dismissing* a suit just because a party is annoyed by the inconvenience. First, the defendant can seek relief from the judicial panel on multidistrict litigation. 28 U.S.C. § 1407(c)(ii). Second, a party can move to transfer the case pursuant to 28 U.S.C. § 1404(a) and then ask the receiving court to consolidate the case with the related case. Section 1404(a) allows this Court to transfer a case to any district in which it could have been brought or to any district to which the parties have consented "[f]or the convenience of the parties and witnesses" and "in the interests of justice." 28 U.S.C. § 1404(a). Alpha Art does not ask the Court to transfer the case pursuant to § 1404(a).

The Court may transfer the case *sua sponte*. *Baird v. Blue Cross Blue Shield of Tex.*, Case No. 10-cv-5354, 2011 WL 4345845 at *5 (N.D. Ill. Sept. 14, 2011) (citing *Germaine v. St. Germain*, No. 10-3796, 2011 WL 1897399 at *1 (7th Cir. May 19, 2011)). Although it is clear to this Court that the interests of justice favor a transfer, there are two reasons why the Court will not transfer the case at this time. First, the parties have not provided the Court with any information about the relative convenience of the two venues for the parties and witnesses. Second, it is not clear to this Court whether venue is appropriate in the District of Oregon, because it is not clear to this Court whether Alpha Art is subject to personal jurisdiction in the

District of Oregon. 28 U.S.C. § 1391(b)(1) ("A civil action may be brought in–(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;"); 28 U.S.C. § 1391(c)(2) ("an entity with the capacity to sue and be sued in its common named under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction . . .").

For these reasons, the Court will not *sua sponte* transfer the case under §1404(a) at this time. The Court will, however, entertain a motion to transfer under § 1404(a) should any party wish to brief the issue.

### III.    Conclusion

For the reasons set forth above, the Court denies defendant's motion [11].

ENTER:

George M. Marovich
United States District Judge

DATED: November 2, 2012