IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**CREATION SUPPLY, INC.,**                              3:13-CV-01033-BR
        Plaintiff,

v.                                                      **OPINION AND ORDER**

**ALPHA ART MATERIALS, CO.,
LTD.,**

        Defendant.


**RICHARD J. VANGELISTI**
Vangelisti Law Firm LLC
121 SW Morrison Street, Suite 475
Portland, OR 97204

**EDWARD L. BISHOP**
**NICHOLAS S. LEE**
Bishop & Diehl, Ltd
1750 East Golf Road
Suite 390
Schaumburg, IL 60173

        Attorneys for Creation Supply, Inc.

**SUSAN D. PITCHFORD**
**ROBERT H. LYMAN**
Chernoff Vilhauer McClung and Stenzel, LLP
601 S.W. Second Ave., Suite 1600
Portland, OR 97201
(503) 227-5631

        Attorneys for Alpha Art Materials, Co., LTD

1  - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Plaintiff's Motion (#68) for Summary Judgment on Count I of its Complaint.  For the reasons that follow, the Court **DENIES** Plaintiff's Motion.


## BACKGROUND

Plaintiff Creation Supply, Inc. (CSI) is an Illinois corporation.  Defendant Alpha Art Materials, Co., Ltd., is a Korean corporation.  CSI and Alpha entered into a Memorandum of Understanding (MOU) on approximately April 1, 2011.  Pursuant to the MOU, CSI had the exclusive right to purchase Mepxy markers from Alpha and to sell them in certain territories in the United States.  Accordingly, CSI purchased Mepxy markers from Alpha and sold Mepxy markers in the United States.

On April 25, 2012, CSI was sued in the District of Oregon in *Too Marker Products, Inc., and Imagination International, Inc. v. Creation Supply, Inc., and John Gragg*, Case No. 3:12-cv-00735-BR (the Too Marker lawsuit).  The Too Marker lawsuit included Too Marker's assertion that, among other things, CSI's sale of Mepxy markers infringes Too Marker's registered trade dress.  On or about July 26, 2013, Too Marker and Imagination International, Inc., accepted Alpha's Offer of Judgment (#91), and on August 19, 2013, a Settlement Order (#92) was entered dismissing without prejudice all claims asserted by Too Marker and Imagination

2 - OPINION AND ORDER

International against CSI as well as the counterclaims that CSI asserted against Too Marker and Imagination International. The only claims remaining in the Too Marker lawsuit are the third-party claims of CSI against Alpha.

On July 11, 2012, CSI filed this action in the Northern District of Illinois, Eastern Division, which transferred this action *sua sponte* to the District of Oregon on June 19, 2013. In this action CSI asserts Alpha breached the Warranty of Title and Against Infringement (Count I) and Implied Indemnity (Count II), and, as noted, CSI's instant Motion seeks summary judgment on Count I.

## **STANDARDS**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Washington Mut. Ins. v. United States,* No. 09-36109, 2011 WL 723101, at *8 (9th Cir. Mar. 3, 2011). *See also* Fed. R. Civ. P. 56(a). The moving party must show the absence of a dispute as to a material fact. *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005). In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine dispute as to a material fact for trial. *Id*. "This burden is not a light one. . . . The non-moving party must do

more than show there is some 'metaphysical doubt' as to the material facts at issue." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010)(citation omitted).

A dispute as to a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  The court must draw all reasonable inferences in favor of the nonmoving party. *Sluimer v. Verity, Inc.*, 606 F.3d 584, 587 (9th Cir. 2010).  "Summary judgment cannot be granted where contrary inferences may be drawn from the evidence as to material issues." *Easter v. Am. W. Fin.*, 381 F.3d 948, 957 (9th Cir. 2004)(citing *Sherman Oaks Med. Arts Ctr., Ltd. v. Carpenters Local Union No. 1936*, 680 F.2d 594, 598 (9th Cir. 1982)).

A "mere disagreement or bald assertion" that a genuine dispute as to a material fact exists "will not preclude the grant of summary judgment." *Deering v. Lassen Cmty. Coll. Dist.*, No. 2:07-CV-1521-JAM-DAD, 2011 WL 202797, at *2 (E.D. Cal., Jan. 20, 2011)(citing *Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir. 1987)).  *See also Jackson v. Bank of Haw.*, 902 F.2d 1385, 1389 (9th Cir. 1990).  When the nonmoving party's claims are factually implausible, that party must "come forward with more persuasive evidence than otherwise would be necessary." *LVRC Holdings LLC*

*v. Brekka,* 581 F.3d 1127, 1137 (9th Cir. 2009)(citing *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1149 (9th Cir. 1998)).

The substantive law governing a claim or a defense determines whether a fact is material.  *Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006).  If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment.  *Id*.

## DISCUSSION

**I.  The Law**

The MOU provides, and the parties agree that Illinois law governs the MOU:  "This MOU will be governed by and construed in accordance with the laws of the State of Illinois.  The interpretation and validity of this document will be according to the Laws of the State of Illinois."

Title 810 ILCS 5/2-312 provides:

> Warranty of title and against infringement; buyer's obligation against infringement.
> (1) Subject to subsection (2) there is in a contract for sale a warranty by the seller that
>     (a) the title conveyed shall be good, and its transfer rightful; and
>     (b) the goods shall be delivered free from any security interest or other lien or encumbrance of which the buyer at the time of contracting has no knowledge.
> (2) A warranty under subsection (1) will be excluded or modified only by specific language or by circum-stances which give the buyer reason to know that the person selling does not claim title in himself or that he is purporting to sell only such right or title as he or a third person may have.

5  - OPINION AND ORDER

> (3) *Unless otherwise agreed a seller who is a merchant regularly dealing in goods of the kind warrants that the goods shall be delivered free of the rightful claim of any third person by way of infringement or the like* but a buyer who furnishes specification to the seller must hold the seller harmless against any such claim which arises out of compliance with the specifications.

Emphasis added.

The elements of breach of an implied warranty against infringement are: (1) the seller was a merchant regularly dealing in goods of the kind warranted, (2) the goods were subject to a *rightful claim* of infringement by a third party upon delivery, (3) the buyer did not furnish specifications to the seller, and (4) the parties did not form another agreement. *Phoenix Solutions, Inc. V. Sony Elec., Inc.,* 637 F. Supp. 2d 683, 693 (N.D. Cal. 2009).

## II. Analysis

Alpha contends summary judgment is not available on Count I because there are genuine disputes of material fact concerning elements (2), (3), and (4) that preclude summary judgment. Alpha first asserts the Too Marker lawsuit does not contain a *rightful claim* of trade-dress infringement because Too Marker's claims for trade-dress infringement in the Too Marker lawsuit were exceptionally weak and, therefore, not "rightful." Alpha, however, does not cite to nor can the Court find an Illinois case on point to support Alpha's position.

6  - OPINION AND ORDER

CSI, in turn, argues it is entitled to summary judgment on its claim against Alpha for the breach of implied warranty of noninfringement and contends there are not any genuine disputes of material fact.  CSI relies on *Pacific Sunwear of California, Inc. V. Olaes Enterprises, Inc.,* 167 Cal. App. 4th 466 (Cal. Ct. App. 2008), to support its position.  In *Pacific Sunwear* a clothing retailer sued a t-shirt supplier for breaching a statutory warranty similar to ICLS § 5/2-312(3).  The underlying case for trademark infringement was settled under seal.  On the ground that the buyer's remedy arises immediately upon notice of infringement (*i.e.*, well before resolution of the claim), the court found any "significant claim of infringement-whether or not ultimately meritorious-triggers the . . . warranty."  *Id.* at 475.  After considering the official commentary to an analogous provision of the Uniform Commercial Code (U.C.C.) § 2-312 (amended 2011), the statutory scheme, and public policy, the California court concluded "the warranty against rightful claims applies to all claims of infringement that have any significant and adverse effect on the buyer's ability to make use of the purchased goods, excepting only frivolous claims that are completely devoid of merit."  *Id.* at 481.  The court reversed the trial court's grant of summary judgment on the ground that there was "at least a 'triable issue of material fact' as to whether SNCL's infringement claim was a rightful claim."  *Id.* at 482.

7  - OPINION AND ORDER

The analysis in *Pacific Sunwear* was also applied in *Phoenix Solutions, Inc. V. Sony Electronics, Inc.*, 637 F. Supp. 2d, 683 (N.D. Cal. 2009). Therein the court found Sony met its burden of asserting a "rightful" claim and survived a summary-judgment motion on the ground that the infringement claims against Sony had a significant and adverse effect on Sony's ability to make use of the purchased computer system. "Although Phoenix and Sony entered into a settlement early in the litigation, the case advanced beyond more than the mere filing of an action. The settlement terms, provided to the court under seal, indicate an evaluative inquiry was made into the merits of the underlying claim itself." *Id.* at 697.

Here, however, Alpha argues whether a claim is "rightful" requires a substantive investigation of the underlying infringement claims that allegedly give rise to the indemnity obligation. Alpha relies on *84 Lumber Co. V. MRK Tech., Ltd.*, 145 F. Supp. 2d 675 (W.D. Pa. 2001), to support its position. The court in *84 Lumber Co.* determined it had subject-matter jurisdiction over a warranty-against-infringement claim because plaintiff's claims could not be addressed without inquiring into the nature of the underlying infringement claims. The court noted if claims of patent infringement are seen as marks on a continuum, "whatever a 'rightful claim' is would fall somewhere between purely frivolous claims, at one end, and claims where

8  - OPINION AND ORDER

liability has been proven, at the other." *Id.* at 680. "We must have some indicia that Lemelson's claim that the defendants infringed his patents had merit. We cannot impose liability on the defendants based solely upon the plaintiff's subjective belief and representation that it thought Lemelson was likely to win." *Id.*

Alpha also relies on *EZ Tag Corp. V. Casio America, Inc.*, 861 F. Supp. 2d 181 (S.D.N.Y. 2012), to support its position. The *EZ Tag* court granted a motion to dismiss under the New York Uniform Commercial Code in an action brought by EZ Tag "for attorney's fees and costs incurred in defense of a patent infringement action brought by Raylon LLC" in Texas. *EZ Tag Corp.,* 861 F. Supp. at 185. The *Raylon* court granted summary judgment to EZ Tag and Casio and found there was not a patent infringement. The *EZ Tag* court noted the definition of the term "rightful" was a question of first impression in that circuit and that no court in that circuit had determined that a claim was "rightful" following an affirmative adjudication of noninfringement. *Id.* at 184. The *EZ Tag* court found a "claim of infringement must have some merit beyond being 'nonfrivolous' for Rule 11 purposes to support a breach of warranty claim." *Id.* (citing *84 Lumber Co.* and *Sun Coast Merchandise Corp. V. Myron*

9 - OPINION AND ORDER

*Corp.,* 393 N.J. Super. 55, 922 A.2d 782, 796-97 (2007)).  The *EZ Tag* court concluded Raylon's claims were not so frivolous as to be sanctionable, but its claims "were not so substantial as to impose a significant and adverse effect on EZ Tag's ability to make use of the goods."

As noted, CSI argues in this case that Too Marker's claims against Alpha are "rightful" as demonstrated by Too Marker's acceptance of Alpha's $40,000 Offer of Judgment as to Too Marker's trade-dress infringement claims, but Alpha asserts Too Marker's claims were "exceptionally weak" and, therefore, do not give rise to a "rightful" claim.  These contradictory positions as to the "rightfulness" of Too Marker's claims against Alpha are not solely questions of law, but require resolution of the factual dispute at least as to the "rightfulness" of that claim as Alpha contends.  Accordingly, the Court concludes whether the settlement between Too Marker and Alpha settled a "rightful claim" within the meaning of Title 810 ICLS 5/2-312(3) is a question of fact.  Based on the foregoing, the Court denies CSI's Motion for Summary Judgment.

Because the Court has concluded genuine disputes of material fact preclude summary judgment, the Court need not address all of Alpha's remaining arguments.

10 - OPINION AND ORDER

## **CONCLUSION**

For these reasons, the Court **DENIES** CSI's Motion (#68) for Summary Judgment.

IT IS SO ORDERED.

DATED this 22nd day of October, 2013.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

11 - OPINION AND ORDER